IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| PATTI K. THORNTON | * | |
|     PLAINTIFF | * | |
| VS. | * | CIVIL ACTION NO. _____ |
| | * | |
| FIRST CREDIT SERVICES, INC. | * | COMPLAINT AND |
|     DEFENDANT | * | DEMAND FOR A JURY TRIAL |

# COMPLAINT

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices, and the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* (hereinafter referred to as the "FCRA").

## II. JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. § §1692k, 1681p, 28 U.S.C. §§ 1331 and 1337.

## III. PARTIES

3. Plaintiff, Patti K. Thornton (hereinafter referred to as "Ms. Thornton" or "plaintiff"), is a natural person who resides in East Baton Rouge Parish, state of Louisiana. and is a "consumer" as defined by 15 U.S.C. § 1692a(3).

4. Defendant, First Credit Services, Inc. (hereinafter referred to as "First" or "defendant") is a debt collection agency conducting business in the state of Louisiana whose principal address is 5810 East Skelly Drive, Tulsa, OK 74135, and whose registered agent for service of process in Oklahoma is Don R. Young, Jr., 5810 East Skelly Drive, Suite 2, Tulsa, OK 74135.

Defendant, at all times relevant hereto, regularly attempted to collect debts alleged to be due another and is a "debt collector" as defined under the FDCPA.

## IV. FACTUAL ALLEGATIONS

5. Defendant was attempting to collect a debt allegedly owed by Ms. Thornton to the Aspen Square Apartments by reporting it to Experian Information Solutions, Inc. ("Experian")

6. The alleged debt arose out of a personal apartment lease for Ms. Thornton.

7. Ms. Thornton disputed this alleged debt because it had been settled in January 2004.

8. Ms. Thornton disputed the listing of this alleged debt by defendant with Experian by mailing a dispute letter to Experian on or about June 12, 2006.

9. Experian notified defendant of this dispute pursuant to 15 U.S.C. § 1681i(a).

10. In response to this dispute, defendant has verified to Experian, a consumer reporting agency, that Ms. Thornton is liable for the entire amount of this alleged debt.

11. On or about July 28, 2006, Ms. Thornton spoke with defendant and was told that it would remain on her credit report for seven years from 2006.

12. This was the first communication from defendant to Ms. Thornton regarding this account.

13. Defendant did not provide any written communication to Ms. Thornton, and failed to provide her with the validation notice required by section 1692g(a)(3), (4), and (5) of the FDCPA.

14. Thereafter, Ms. Thornton provided written proof that this debt had been satisfied in 2004 to defendant.

15. Defendant promised to remove this account from plaintiff's credit report.

16. Despite this promise, defendant failed to remove this account from her credit report as maintained by Experian.

17. Thereafter, Ms. Thornton discovered this account was not removed from Experian when a mortgage company to whom she had applied for credit advised her it was there.

18. Ms. Thornton then had to dispute this account again with Experian, and it was deleted thereafter.

## VIOLATIONS OF THE FDCPA

19. Defendant violated numerous provisions of the FDCPA including but not limited to sections 1692e, 1692e(10), and 1692g.

20. Defendant is liable to plaintiff for her actual damages, additional damages, attorney's fees, and costs.

## VIOLATIONS OF THE FCRA

21. In the entire course of its actions, defendant willfully and/or negligently violated the provisions of the FCRA in the following respects:

   a. By willfully and/or negligently failing to conduct its reinvestigation duties reasonably to fulfill its duties under § 1681s-2(b) of the Act.

22. As a direct and proximate result of the foregoing acts and omissions of defendant, plaintiff, Ms. Thornton, has suffered actual damages and injury, including, but not limited to, stress, humiliation, anxiety, extreme mental anguish and suffering, and emotional distress, for which she should be compensated in an amount to be proven at trial.

WHEREFORE, plaintiff respectfully requests that judgment be entered against

defendant, First Credit Services, Inc., for actual damages, additional damages, statutory damages, punitive damages, attorney's fees, costs for such other and further relief as may be just and proper.

   A JURY TRIAL IS DEMANDED.

              s/Garth J. Ridge
              **GARTH J. RIDGE**
              Attorney for Plaintiff
              Bar Roll Number:  20589
              251 Florida Street, Suite 301
              Baton Rouge, Louisiana 70801
              Telephone Number:  (225) 343-0700
              Facsimile Number: (225) 343-7700
              E-mail: GarthRidge@aol.com